No. 22-55992

_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

NATURAL-IMMUNOGENICS CORP., a Florida corporation,

Plaintiff-Appellee,

v.

NEWPORT TRIAL GROUP, a California Corporation;
SCOTT J. FERRELL, a California resident,

Appellants,

and

RYAN M. FERRELL, an Arizona resident; VICTORIA C.
KNOWLES, a California resident; ANDREW LEE BASLOW,
a California resident; ANDREW NILON, a California resident;
SAM PFLEG, a California resident; MATTHEW
DRONKERS, a California resident; TAYLOR DEMULDER, a
Nevada resident; SAM SCHOONOVER, a California resident;
GIOVANNI SANDOVAL, an Arizona resident,

Defendants.

_____

Appeal from a Decision of the United States District Court,
Central District of California, Southern Division
(No. 8:15-cv-02034-JVS-JCG) • Honorable James V. Selna

_____

**APPELLANTS' OPENING BRIEF**

_____

CALLAHAN & BLAINE, APLC
David J. Darnell (SBN 210166)
James M. Sabovich (SBN 218488)
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444 / Facsimile: (714) 241-4445
Attorneys for Appellants

## **RULE 26.1 CORPORATE DISCLOSURE**

Appellant Newport Trial Group, LLC, now known as Pacific Trial Attorneys, certifies that it has no parent corporation and no publicly held corporation owns 10% or more of its stock.

Dated: March 1, 2023 **CALLAHAN & BLAINE, APLC**

By: /s/ James M. Sabovich
David J. Darnell
James M. Sabovich
Attorneys for Appellants

## STATEMENT REGARDING ORAL ARGUMENT

Appellants respectfully request oral argument. This appeal challenges the District Court's order enforcing a settlement term sheet. Appellants believe that oral argument, during which their counsel can answer factual queries and hypothetical scenarios, will assist this Court in determining that the District Court erred in interpreting the agreement at issue.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1.      Whether the District Court erred in ordering that

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

2.      Whether the District Court erred in limiting

confidentiality only to text of the settlement agreement when the

parties agreed ████████████████████████████████████

████████████████████████████████████████████████

████████

3.      Whether the District Court erred in holding that liquidated

damages were not material ████████████████████████████

████████

## STATEMENT OF RELATED CASES

Appellants give notice to this Court and the Court's Clerk of the following related cases pending in this Court, under Ninth Circuit Rule 28-2.6, which arise out of the same case in the District Court:

*Natural-Immunogenics Corp. v. David J. Darnell and James M. Sabovich*, Case No. 22-55990

Dated: March 1, 2023     **CALLAHAN & BLAINE, APLC**

By: /s/ James M. Sabovich
      David J. Darnell
      James M. Sabovich
      Attorneys for Appellants

TABLE OF CONTENTS

Page

I.  INTRODUCTION……………………………………….. 11

II. PROCEDURAL HISTORY ................................................. 12

    A.  Settlement Negotiations ............................................ 13

    B.  The District Court's Order Granting NIC's
        Motion to Enforce Settlement .................................. 18

    C.  The District Court Erred Granting NIC's Motion
        to Enforce ................................................................. 20

    D.  The Order Improperly Directed that █████
        ████████████████████████████████████ .... 21

    E.  The District Court Misinterpreted █████
        ████████████████ ......................................... 21

        1.  The District Court's Interpretation Is Not
            Reasonable and Fails to Reflect the Intent
            of the Parties .................................................. 24

        2.  There Was an Agreement to Negotiate,
            Not an Agreement on Express Terms............. 30

        3.  The District Court's Interpretation Leaves
            Material Terms Unresolved, Which Would
            Render the Term Sheet Unenforceable........... 34

        4.  The Order's Public Policy Finding Is
            Incorrect .......................................................... 36

    F.  The Order Undid the Parties' Agreement █████
        ████████████████ .......................................... 38

TABLE OF CONTENTS

(Continued)

Page

████ ██████████████████████████████
████████████████████████████.................... 39

████ ████████████████████████████████
██████████████████████████████████....40

G.     Taken Together, the Order Substantially Alters
       the Parties' Agreement............................................. 43

III.    CONCLUSION ................................................................. 45

TABLE OF AUTHORITIES

<u>Pages</u>

**Cases**

*Bustamante v. Intuit, Inc.*,
  141 Cal. App. 4th 199 (2006) ........................................................ 31

*Cable & Computer Tech. Inc. v. Lockheed Sanders, Inc.*,
  214 F.3d 1030 (9th Cir. 2000) ....................................................... 31

*City Solutions, Inc. v. Clear Channel Commc'ns, Inc.*,
  201 F. Supp. 2d 1035 (N.D. Cal. 2001) ........................................ 30

*Coleman v. Morris-Shea Bridge Co., Inc.*,
  No. 2:18-CV-00248-LSC, 2020 WL 6870450 (N.D.
  Ala. Nov. 23, 2020) ........................................................................ 27

*Copeland v. Baskin Robbins U.S.A.*,
  96 Cal. App. 4th 1251 (2002) ........................................... 30, 31, 32

*Culley v. Bank of Am* No. 18-CV-40099-DHH, 2019 WL
  1430124 (D. Mass. Mar. 29, 2019) ............................................... 27

*Facebook, Inc. v. ConnectU, Inc.*,
  No. C 07-01389 JW, 2008 WL 11357787 (N.D. Cal.
  July 2, 2008) ................................................................................... 29

*Facebook, Inc. v. Pac. Nw. Software, Inc.*,
  640 F.3d 1034 (9th Cir. 2011) ........................................... 19, 40, 41

*Huynh v. City of Worcester*,
  No. CIV.A. 08-40240-TSH, 2010 WL 3245430 (D.
  Mass. Aug. 17, 2010) ..................................................................... 38

*Inamed Corp. v. Kuzmak*,
  275 F. Supp. 2d 1100 (C.D. Cal. 2002) ......................................... 35

*Int'l Bhd. of Teamsters v. NASA Servs., Inc.*,
  957 F.3d 1038 (9th Cir. 2020) ........................................... 20, 21, 26

# TABLE OF AUTHORITIES

## (Continued)

Pages

*Johnson v. U.S. Bank Nat'l Ass'n*,
 No. 11-CV-538-WMC, 2012 WL 12995323 (W.D.
 Wis. Dec. 17, 2012) ........................................................................ 33

*Kimmel & Silverman, P.C. v. Porro*,
 969 F. Supp. 2d 46 (D. Mass. 2013) .............................................. 37

*Lennar Mare Island, LLC v. Steadfast Ins. Co.*,
 176 F. Supp. 3d 949 (E.D. Cal. 2016) ........................................... 28

*Lindsay v. Lewandowski*,
 139 Cal. App. 4th 1618 (2006) ....................................................... 34

*Midwest Television, Inc. v. Scott, Lancaster, Mills &
 Atha, Inc.*,
 205 Cal. App. 3d 442 (1988) .......................................................... 23

*Naidong Chen v. Fleetcor Techs., Inc.*,
 No. 16-CV-00135-LHK, 2017 WL 1092342 (N.D.
 Cal. Mar. 23, 2017) ........................................................................ 32

*Okun v. Morton*,
 203 Cal. App. 3d 805 (1988) .......................................................... 35

*Steller v. Sears, Roebuck and Co.*
 189 Cal. App. 4th 175 (2010) ......................................................... 32

*Stoliarov v. Marshmello Creative*,
 LLC, No. 21-55442, 2022 WL 819800 (9th Cir. Mar.
 17, 2022) ......................................................................................... 22

*Tradewinds Airlines, Inc. v. Soros*,
 No. 08 CIV. 5901 JFK, 2009 WL 1321695 (S.D.N.Y.
 May 12, 2009) ................................................................................. 37

TABLE OF AUTHORITIES

(Continued)

<u>Pages</u>

*U.S. E.E.O.C. v. Rush Prudential Health Plans*,
  No. 97 C 3823, 1998 WL 156718 (N.D. Ill. Mar. 31,
  1998) ............................................................................................... 33

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
  No. SACV1300984AGJPRX, 2016 WL 11760589
  (C.D. Cal. Nov. 29, 2016) .............................................................. 41

*Weddington Prods., Inc. v. Flick*,
  60 Cal. App. 4th 793 (1998) ........................................................... 35

*White Plains Aviation Partners, LLC v. Cnty. of
  Westchester*,
  No. 21 CV 5312 (VB), 2022 WL 743434 (S.D.N.Y.
  Mar. 11, 2022) ................................................................................ 27

**Statutes**

Cal. Civ. Code § 1580 ...................................................................... 34

Cal. Civ. Code § 1636 ...................................................................... 32

## I.   <u>INTRODUCTION</u>

This appeal arises from a matter where the District Court found that the case "has been litigated grossly out of proportion to the amount reasonably at issue" and directed the parties to mediation.  (2-ER-168).  Following that guidance from the District Court, the parties mediated and settled this matter per a binding term sheet, 2-ER-92-97 ("Term Sheet").  Major components of that settlement were confidentiality and liquidated damages.  ███████████████

█████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██████████████████████████████████████

██████████████████████

Unfortunately, the District Court indulged this unnecessary exercise in excessive litigation and committed multiple errors in doing so.  The parties had agreed that ███████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

███████   *Infra*.Part.III.A.  It next accepted NIC's implausible

interpretation of the scope of confidentiality, which it then used to effectively read the agreement to negotiate out of the Term Sheet. *Infra.*Part.III.B. Following that, the District Court eliminated the liquidated damages provision. *Infra.*Part.III.C. The Term Sheet expressly called ███████████████████████████████████

███████████████████████████████████████████████. *Id.* Yet the District Court still found liquidated damages to be immaterial and ordered enforcement of the Term Sheet without it. *Id.*

To be clear, Appellants are in complete agreement that the Term Sheet is binding and that the underlying matter is settled. They bring this appeal only because the District Court misinterpreted that Term Sheet and failed to enforce terms that were agreed to. Accordingly, the District Court's Order is erroneous and must be reversed.

## II. <u>PROCEDURAL HISTORY</u>

Pursuant to the District Court's directions, the parties attended a mediation before Judge Guilford (Ret.) on December 6, 2021. In advance of that mediation, on November 29, 2021, the District Court issued an "order regarding mediation" to provide guidance to the parties. In so doing, the District Court explained:

This case has been litigated grossly out of proportion to the amount reasonably at issue. The number of docket entries, now approaching 1300, is stark testament to that fact. In its rulings, the Court has repeatedly invoked the rule of proportionality. The goal of Rule 1 of the Federal Rules of Civil Procedure for a 'just, speedy, and inexpensive determination' was long ago put beyond reach. The Court makes these observations notwithstanding the fact that there may be legitimate nonmonetary reasons for pursuing litigation.

(2-ER-168).

**A.** <u>**Settlement Negotiations**</u>









████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████

**B.      The District Court's Order Granting NIC's Motion to**

**         Enforce Settlement**

On May 5, 2022, NIC moved to enforce the Term Sheet and for

sanctions. The District Court granted NIC's motion to enforce but

denied its request for sanctions.  (1-ER-2-13).  The Order correctly

found that "[t]he Term Sheet is a complete agreement that binds both

parties," *id.* at 5, and "the main dispute between the parties is the

scope of the confidentiality provision," *id.* at 7.  However, it also

found it could adjudicate its meaning through summary proceedings,

*id.* at 6, then proceeded to read express terms out of the agreement.

████████████████████████████████████████

████████████████████████████████████████

████████      The District Court eliminated all of these.  First, it narrowly

read the confidentiality provision as applying only to the literal terms

of the settlement agreement. (13-ER-2944). Regarding NTG's position there was an "agreement to 'negotiate the scope of confidentiality,' but not as to 'the specific language' of the provision," the District Court held that "[t]he plain language of the Term Sheet suggests that the parties would negotiate over which settlement terms would ultimately be held confidential." *Id.* There was no evidence that any party had ever even suggested ███████████████ ███████████████ *Supra.*Part.II.A.

Second, while acknowledging that the Term Sheet called for liquidated damages, the Court held that liquidated damages were not "material." (13-ER-2946). Although the evidence was that ██████ ██████████████████████████, the District Court relied on *Facebook, Inc. v. Pac. Nw. Software, Inc*., 640 F.3d 1034, 1037–38 (9th Cir. 2011) to excise the agreement because if "either party were to bring an action for breach of the Term Sheet, a court would be able to order specific performance or award damages in the absence of an agreed upon liquidated damages provision." (13-ER-2946).

C.    **The District Court Erred Granting NIC's Motion to Enforce**

The District Court Order made four errors that resulted in it fundamentally altering the settlement agreed to by the parties. ████

████████████████████████████████████

████████████████████████. *Infra*.Part.III.A. Second, it misinterpreted the scope of confidentiality in the Term Sheet, which was not fully defined and ambiguous. *Infra*.Part.III.B. Third, it compounded that error by unduly restricting the obligation to negotiate the scope of confidentiality to whether it would apply to the "entirety of the settlement agreement" or only "cover a few specific terms." *Infra*.Part.III.B. Fourth and finally, the Order erred by effectively reading the liquidated damages provision out of the Term Sheet. *Infra*.Part.III.C. The end result of this is that the District Court rewrote the parties' settlement and has bound NTG to terms that were never agreed to. *Infra*.Part.III.D. Because all of the foregoing are issues of "interpretation of a contract's language," whether "a contract is ambiguous" or "the principles of law applied to facts adduced from extrinsic evidence," this Court's review is *de novo*. *Int'l Bhd. of Teamsters v. NASA Servs., Inc*., 957 F.3d 1038, 1041 (9th Cir. 2020).

20

**D.** **The Order Improperly Directed that** █████████



Because the District Court's Order that ████████████
████████ is contrary to the agreement, it must be reversed.

**E.** **The District Court Misinterpreted** ████████████
████████

As this Court has indicated, "[t]he courts' superseding objective when interpreting a contract is to 'give effect to the mutual intention of the parties as it existed at the time of contracting.'" *Int'l Bhd. of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1042 (9th Cir. 2020) *quoting* Cal. Civ. Code § 1636. "[M]ost importantly, '[t]he whole of a contract is to be taken together, so as to give effect to every part, if

reasonably practicable, each clause helping to interpret the other.'" *Id.*

*quoting* Cal. Civ. Code § 1641.  California case "law consistently

reaffirms the primacy of this principle."  *Id.*  Thus:

> It is a primary rule of interpretation that contracts must
>
> be construed as a whole[,] that is, from their four corners,
>
> and the intention of the parties is to be collected from the
>
> entire instrument and not detached portions thereof, it
>
> being necessary to consider all of the parts to determine
>
> the meaning of any particular part as well as of the
>
> whole. Individual clauses and particular words must be
>
> considered in connection with the rest of the agreement,
>
> and all of the writing and every word of it will, if
>
> possible, be given effect.

*Id. quoting Ajax Magnolia One Corp. v. S. Cal. Edison Co*., 167 Cal.

App. 2d 743, 748, 334 P.2d 1053 (1959).  Further, "[u]nder California

contract law, a court must consider extrinsic evidence regarding the

parties' intentions to determine whether the language of the contract is

ambiguous, which requires that it be 'reasonably susceptible' to the

interpretation urged by the party."  *Stoliarov v. Marshmello Creative*,

LLC, No. 21-55442, 2022 WL 819800, at *1 (9th Cir. Mar. 17, 2022).

Relatedly, "[e]vidence of custom or standard practice is admissible to interpret the terms of a contract and to imply terms when no contrary intent is apparent from the other terms of the contract." *Midwest Television, Inc. v. Scott, Lancaster, Mills & Atha, Inc*., 205 Cal. App. 3d 442, 451, 252 Cal. Rptr. 573 (1988).

Here, the Order summarily resolved the scope of confidentiality by narrowly interpreting the phrase "confidentiality for settlement terms." (13-ER-2944). It accepted NIC's interpretation that "settlement terms" refers only to "the terms of the settlement agreement itself" and that the agreement to be negotiated "suggests that the parties would negotiate over which settlement terms would ultimately be held confidential." *Id.* This holding is error for three separate and independent reasons. First and most significantly, ███

███████████████████████████████████

█████████████████████████████████

████████████████████████

█████████████████████████████

████████████████████████████

███████████

**1.** <u>**The District Court's Interpretation Is Not Reasonable and Fails to Reflect the Intent of the Parties**</u>

The District Court's interpretation of the scope of the confidentiality provision is strained, fails to reflect the intent of the parties, is contrary to the extrinsic evidence, and does not read the agreement or even the complete provision as a whole.



Such an interpretation is not consistent with the text of the Term Sheet, the extrinsic evidence, or common practice regarding confidentiality. First, nothing in the Term Sheet itself ███████

████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

██████████████████████████████████████

███████████████████████████████

██████████████ Under this interpretation, there would be nothing to negotiate and ████████████████ language would be rendered surplusage. ████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████

████████████████████████████████

████████████████████████████████

Accordingly, the interpretation literally reads ████████████████ provision out of the agreement and violates the "superseding

objective" of "give effect to the mutual intention of the parties as it existed at the time of contracting.'" *Int'l Bhd. of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1042 (9th Cir. 2020).

Nor can the District Court's interpretation be reconciled ███ ████████████████████████████████████████████. Both the District Court's Order and NIC's reply necessarily treat that provision as a permissive possibility. ███████████████████████

███████████████████████████████████████████████
████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████
█████████████████████████████████████████████
██████████████████████████████████████
███████████████████████████████████████████████
███████████

Such an interpretation is not consistent with the text of the Term Sheet. █████████████████████████████████████

██████████████████████████████████████████████
██████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████  "'Required' ordinarily means

'stipulated as necessary to be done, made, or provided.'"  *Culley v.*

*Bank of Am.*, N.A., No. 18-CV-40099-DHH, 2019 WL 1430124, at

\*10 (D. Mass. Mar. 29, 2019); *Coleman v. Morris-Shea Bridge Co.,*

*Inc.*, No. 2:18-CV-00248-LSC, 2020 WL 6870450, at \*8 (N.D. Ala.

Nov. 23, 2020) (Plaintiff not "required" to work alongside crew when

doing so "was his choice."); W*hite Plains Aviation Partners, LLC v.*

*Cnty. of Westchester*, No. 21 CV 5312 (VB), 2022 WL 743434, at \*4

(S.D.N.Y. Mar. 11, 2022) (contract provision requiring consent to

"required" material changes to proposed improvement not implicated

by modified hanger that was not necessary for proposed

improvements).  Here, ██████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

██████████████████████████

Third, all of the extrinsic and course of dealing evidence is contrary to the District Court's interpretation. ███████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ██████████████████████ After all, "'the most reliable evidence of the parties' intentions' is their behavior after the contract is signed and before any controversy has arisen." *Lennar Mare Island, LLC v. Steadfast Ins. Co*., 176 F. Supp. 3d 949, 964 (E.D. Cal. 2016) *quoting Kennecott Corp. v. Union Oil Co*., 196 Cal. App. 3d 1179, 1189, 242 Cal. Rptr. 403 (1987).

Here, conduct after the Term Sheet was executed disproves the Order's theory that the █████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ *See generally* 13-ER-3053-3120 ██████████████████ ████████████████████████████████████ █████████████████████████ If, as the District Court Order found, there was an agreement █████████████████████



*Facebook, Inc. v. ConnectU, Inc.*, No. C 07-01389 JW, 2008 WL 11357787, at *3-4 (N.D. Cal. July 2, 2008) (finding that "the terms of the settlement [agreement] and the negotiations preceding it" are documents traditionally kept secret and not subject to disclosure under the federal common law right of access).

Instead, the evidence is consistent with

████████████████████████████████

████████████████████████████████

███████████████████████████████

█████████████████████████████

██████

**2.**    **There Was an Agreement to Negotiate, Not an**

**Agreement on Express Terms**

The District Court further erred because there was an agreement

███████████████████████████████████

█████████████

"It is a fundamental principle of California contracts law that no

contract is formed where essential elements are reserved for future

agreements." *City Solutions, Inc. v. Clear Channel Commc'ns, Inc*.,

201 F. Supp. 2d 1035, 1040–41 (N.D. Cal. 2001); *see also Copeland*

*v. Baskin Robbins U.S.A*., 96 Cal. App. 4th 1251, 1255–56 (2002) ("It

is still the general rule that where any of the essential elements of a

promise are reserved for the future agreement of both parties, no legal

obligation arises (until such future agreement is made).").

"Preliminary negotiations or [agreements] for future negotiations are

not the functional equivalent of a valid, subsisting agreement. 'A

manifestation of willingness to enter into a bargain is not an offer if the person to whom it is addressed knows or has reason to know that the person making it does not intend to conclude a bargain until he has made a further manifestation of assent.'" *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 213–14 (2006) (citations omitted).

However, even though a court will not enforce a contract provision if essential elements of that term are subject to future negotiations, courts will enforce "[a] contract to negotiate the terms of an agreement." *Copeland v. Baskin Robbins U.S.A.*, 96 Cal. App. 4th 1251, 1257 (2002). As the Ninth Circuit explained, "[u]nlike an agreement to agree, an agreement to use best efforts to achieve a common objective is a closed, discrete, and actionable proposition." *Cable & Computer Tech. Inc. v. Lockheed Sanders, Inc*., 214 F.3d 1030, 1035 (9th Cir. 2000). Under a "contract to negotiate," "[a] party will be liable only if a failure to reach ultimate agreement resulted from a breach of that party's obligation to negotiate or to negotiate in good faith." *Copeland*, 96 Cal. App. 4th at 1257. "Failure to agree is not, itself, a breach of the contract to negotiate." *Id*. "[D]amages for breach of a contract to negotiate an agreement are measured by the injury the plaintiff suffered in relying on the

defendant to negotiate in good faith." *Id*. at 1262–63; *see also*

*Naidong Chen v. Fleetcor Techs., Inc*., No. 16-CV-00135-LHK, 2017

WL 1092342, at *7 (N.D. Cal. Mar. 23, 2017) ("the Court finds that

the Stock Option Provision in the offer letters obligates Defendant to

work together with Plaintiffs to establish performance criteria . . .

[t]hat is not an unenforceable 'agreement to agree,' but an agreement

to negotiate performance criteria.").

     The Term Sheet, more particularly paragraphs 3 and 10 therein,

████████████████████████████████████ California Civil

Code section 1636 provides, "A contract must be so interpreted as to

give effect to the mutual intention of the parties as it existed at the

time of contracting, so far as the same is ascertainable and lawful."

The intent of parties is determined based on objective manifestations

of agreement and expressions of intent. *Steller v. Sears, Roebuck and*

*Co*. 189 Cal. App. 4th 175, 184–185 (2010). Here, the expressed

mutual intent of the parties was that ████████████████

████████████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████



"Confidentiality clauses are common in settlement agreements, and confidentiality may be a determining factor in whether settlement is possible." *U.S. E.E.O.C. v. Rush Prudential Health Plans*, No. 97 C 3823, 1998 WL 156718, at *5 (N.D. Ill. Mar. 31, 1998); *Johnson v. U.S. Bank Nat'l Ass'n*, No. 11-CV-538-WMC, 2012 WL 12995323, at *5 (W.D. Wis. Dec. 17, 2012) ("Inserting a confidentiality clause into a settlement agreement is a common practice . . . .").



In sum, if the District Court was to "enforce" the Term Sheet, the appropriate means ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████

**3.**  **<u>The District Court's Interpretation Leaves Material Terms Unresolved, Which Would Render the Term Sheet Unenforceable</u>**

Finally, the District Court's Order runs afoul of the rule that all contracts cannot be enforced absent assent on all material terms. Under California law, "[a] settlement agreement, like any other contract, is unenforceable if the parties fail to agree on a material term or if a material term is not reasonably certain." *Lindsay v. Lewandowski*, 139 Cal. App. 4th 1618, 1623 (2006); Cal. Civ. Code § 1580 ("[c]onsent is not mutual, unless the parties all agree upon the

same thing in the same sense"). Consequently, a contract that "leaves an essential element for future agreement of the parties" is ordinarily unenforceable. *Okun v. Morton*, 203 Cal. App. 3d 805, 817 (1988).

As discussed above, the ████████████████████ ████████████████████████████████ ███████████████████████████████ ██████████████████████████████████ ████████████████████████████████ ████████████████████████████ "One measure of whether terms are 'material' is whether they have been the subject of debate and discussion during the course of the parties' negotiations." *Inamed Corp. v. Kuzmak*, 275 F. Supp. 2d 1100, 1122 (C.D. Cal. 2002). ███████████████████████████████ ████████████████████ If something is "stipulated as necessary to be done" in a contract, it is by definition material to that contract. There are circumstances "in which 'minor matters' in elaborate contracts are left for future agreement" which "does not necessarily mean that the entire contract is unenforceable." *Weddington Prods., Inc. v. Flick*, 60 Cal. App. 4th 793, 813, 71 Cal. Rptr. 2d 265, 278 (1998). But the circumstances here do not fall within the "minor

matters" exception. ███████████████████████

███████████████████████████

███████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

██████████████████

██████████████████████ was material, and was not

agreed to, the District Court's interpretation would render the Term

Sheet unenforceable.

### 4.  <u>The Order's Public Policy Finding Is Incorrect</u>

The Order includes an unnecessary statement that ████████

██████████████████████

███████████████████████████

███████████████████████████

██████

Respectfully, the District Court confused NTG's position. ██

███████████████████████████

███████████████████████████

███████████████████████████





Accordingly, the District Court's unnecessary finding regarding public policy is incorrect.

**F.**   **<u>The Order Undid the Parties' Agreement</u>** ▮▮▮▮▮▮

This was integral and incorporated into two separate duties.  First, ▮▮▮▮▮▮



This was error for two separate and independent reasons.

██████ ████████████████████████████████

████████████████████████████

████████████████████████████████

██████████████████████████ While it is true that

failure to agree on minor matters will not preclude enforcement, that

doctrine does not allow a court to excise provisions that the parties

agreed to.  Where the parties have bargained for a term, the doctrine

does not allow a court to hold that term is immaterial.

The distinction can be seen in *Facebook Inc. v. Pacific*

*Northwest Software, Inc.*, 640 F.3d at 1037-38 (9th Cir. 2011), which

the Order relied upon.  In that case, the parties signed a short "Term

Sheet & Settlement Agreement" during mediation.  After negotiations

fell apart, Facebook moved to enforce "and also asked the district

court to order ConnectU and the Winklevosses to sign more than 130

pages of documents" to finalize the settlement.  *Id.* at 1037.  The

Court found the settlement agreement enforceable since its terms were

"sufficiently definite for a court to determine whether a breach has

occurred, order specific performance or award damages."  *Id.* at 1038.

But the Ninth Circuit did not require enforcement of the documents

that had not been agreed to.  *Id.* at 1038 ("The district court got it

exactly right when it found the [mediation agreement] enforceable but refused to add the stack of documents drafted by [the defendant's] deal lawyers.").

████████████████████████

██████████████████████████

██████████████████████████

██████████████████████████

████████████████ As this Court explained, "a term may be 'material' in one of two ways: It may be a necessary term, without which there can be no contract; or, *it may be an important term that affects the value of the bargain*." *Id.* at 1037 (emphasis added). The difference can be seen in *Universal Elecs., Inc. v. Universal Remote Control, Inc*., No. SACV1300984AGJPRX, 2016 WL 11760589, at *4 (C.D. Cal. Nov. 29, 2016). There, the parties did "not dispute that they reached an agreement regarding the main body of the Settlement Agreement," but disagreement remained on "certain exhibits attached to the Settlement Agreement." *Id*. at *1. The exhibit was not essential as "[t]he evidence indicate[d] that Exhibit B is not a necessary term such that the contract would not exist without it." *Id.* at *3. Nonetheless, "Exhibit B [was] material because it is important

to one or both of the parties and affects the value of the contract." *Id.*
at \*3. Moreover, it had "been the subject of significant debate and
discussion during the course of negotiations, implying that it is
important to one or both of the parties." *Id.*





Accordingly, because ███████████████ was material, the District Court erred in enforcing the Term Sheet without it.

**G.** **Taken Together, the Order Substantially Alters the Parties' Agreement**

As seen above, the District Court erred with respect to



## III.  <u>CONCLUSION</u>

For the foregoing reasons, the Order is erroneous and should be reversed.

Dated:  March 1, 2023          **CALLAHAN & BLAINE, APLC**

By:  /s/ James M. Sabovich
      David J. Darnell
      James M. Sabovich
      Attorneys for Appellants

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation set forth in Circuit Rule 32-1(a) and Federal Rules of Appellate Procedure 32(a)(5)(A). This brief uses a proportional typeface and 14-point font, and contains 6411 words and is 45 pages.

Dated:  March 1, 2023    **CALLAHAN & BLAINE, APLC**

By:  /s/ James M. Sabovich
     David J. Darnell
     James M. Sabovich
     Attorneys for Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ James M. Sabovich
James M. Sabovich