Nos. 22-55992; 22-56041

I<small>N THE</small>
U<small>NITED</small> S<small>TATES</small> C<small>OURT OF</small> A<small>PPEALS</small>
F<small>OR THE</small> N<small>INTH</small> C<small>IRCUIT</small>

NATURAL-IMMUNOGENICS CORP., a Florida corporation,

Plaintiff-Appellee,

v.

NEWPORT TRIAL GROUP, a California Corporation;
SCOTT J. FERRELL, a California resident,

Appellants,

and

RYAN M. FERRELL, an Arizona resident;
VICTORIA C. KNOWLES, a California resident;
ANDREW LEE BASLOW, a California resident; ANDREW NILON,
a California resident; SAM PFLEG, a California resident;
MATTHEW DRONKERS, a California resident;
TAYLOR DEMULDER, a Nevada resident; SAM SCHOONOVER,
a California resident; GIOVANNI SANDOVAL, an Arizona resident,

Defendants.

Appeal from a Decision of the United States District Court,
Central District of California, Southern Division
(No. 8:15-cv-02034-JVS-JCG) • Honorable James V. Selna

**APPELLANTS' REPLY IN SUPPORT OF MOTION
TO JOIN IN BRIEF IN RELATED MATTER**

CALLAHAN & BLAINE, APLC
David J. Darnell (SBN 210166)
James M. Sabovich (SBN 218488)
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444 / Facsimile: (714) 241-4445
Attorneys for Appellants

1

I.  **INTRODUCTION**

Appellants Scott J. Ferrell and Newport Trial Group ("Appellants") moved the Court to permit them to join in the briefs filed, or to be filed, by Appellants David J. Darnell and James M. Sabovich ("Attorney Appellants") in the associated appeal pending as Case No. 22-55990 ("Related Appeal"). Specifically, Appellants asked to join in the Opening Brief (Dkt. 6), Response to Motion to Intervene (Dkt. 17), and the Reply Brief (to be filed on August 23, 2023).

As explained in the Motion, Dkt. 51-1, with the large number of filings, and the complexity of multiple versions of the same document existing due to redactions and sealing requirements, there was an error in the Opening Brief. Namely, a short statement joining the brief in the Related Appeal was drafted but omitted during the finalization process. Counsel apologizes for the error. Since the joinder was for a brief addressing an order that Appellants formally appealed in this case, and since Appellants are not changing any argument or question presented on review, this should not be an issue. This bears repeating – Appellants are merely joining in the arguments and briefs filed by

2

Attorney Appellants; they are not changing anything or raising any new issues.

The Bucs refuse to "credit movants' claim" of inadvertence, as if counsel is lying for some explained reason. The insinuation is unprofessional and makes zero sense. Again, Appellants' joinder does not change any argument or issue in the appeal. So there is no reason counsel or anyone else would need to lie about an inadvertent omission with the filed version.

The Bucs then offer confusing arguments of the notice being filed in the wrong case and of "changing" the name of a case Appellants are not party to. These are without merit.

## II. THE BUCS' ARGUMENTS ARE WITHOUT MERIT

### A. The Motion Was Requested By The Clerk In This Case And Was Not Filed In The Wrong Case

The issue is not complicated. The primary subject of this appeal is the settlement enforcement order. But Appellants were also named in and appealed the sanctions order this is being addressed in the Related Appeal. Because this appeal technically includes the sanctions order (since Appellants appealed it), they are simply joining in – or incorporating – the briefing from the Related Appeal. While

not formally consolidated, the appeals are at a minimum related. *See* ECF General Docket for 22-55990 (Listing the 22-55990 case as "Lead" and 22-55992 as "member"). Nothing is changing or being affected.

The Bucs' argument that the motion was filed in the wrong case is based on apparent confusion borne from the same order being the subject of two appeals. Appellants appealed the sanctions order *in this case* and sought to incorporate the briefs from the Related Appeal addressing that order into their brief *in this case*. This is proper under Rule 28. Under FRAP 28(i), "[i]n a case involving more than one appellant or appellee, including consolidated cases, any number of appellants or appellees may join in a brief, and any party may adopt by reference a part of another's brief. Parties may also join in reply briefs." FRAP 28(i).

The Bucs nonetheless make much of the Notice of Joinder filed by Appellants and further claim that this motion was filed in the wrong case. Importantly, Appellants provided the motion at the request of the clerk in this case. In an August 2, 2023 email, the clerk stated Appellants were "trying to file a joinder to a brief from another case that is not consolidated or cross-appealed" and advised that "[a]

4

motion is required." Thereafter, the motion and supporting declaration were provided to the clerk and the clerk (not Appellants) filed them. Attachment 1. Appellants did nothing more than comply with the clerk's directions.

The Bucs argue, without support, that the request should have been filed in the Related Appeal. Dkt. 52 at 3. That makes no sense. Appellants are not a party to the Related Appeal and are not seeking to become involved in it. They were essentially citing a brief from that Related Appeal. The appropriate forum for requesting leave is this appeal, where they are a party.

**B.** **There Was No Bad Faith, Nor Has There Been Any Change In The Arguments Nor Questions Presented On Appeal**

The Bucs imply dishonesty by claiming it "hard to credit movants' claim that the failure of other Appellants to join in the original round of briefing in Case No. 22-55990 was inadvertent" because counsel is "a member of the bar whose learning is not to be doubted and wrote the briefs in the appeals. Dkt. 52 at 4-5. This is more than a little ironic given that three days later, Mr. Morris moved to supplement, claiming he inadvertently filed the wrong volume. *See* Dkt. 41-1 in Related Appeal. Mr. Morris was dealing with one brief

5

and three volumes, yet filed 255 incorrect pages. Mr. Sabovich was dealing with 13 volumes and two briefs, one of which was particularly complicated from a word processing and versioning perspective because of the extensive redactions. The error was a few sentences. The point is not to make excuses or fault Mr. Morris. Rather, in complex filings, inadvertent errors sometimes occur and it is unseemly to attribute them to bad motives.

Finally, the Bucs' musings about altering the Related Appeal are meritless. Appellants are not intervening in that appeal – they are simply adopting the brief because they were subject to the same order. The Bucs also assert that Appellants "will have an opportunity in that reply brief [in the Related Appeal] to raise new arguments and new issues, based on the presence in the appeal of parties who did not participate in the earlier brief." Dkt. 52 at 6. The Bucs' concerns are entirely unfounded. There are no new issues or arguments. If there were anything new, then a motion to intervene would be the appropriate motion. Since there is nothing new, a simple joinder is all that is required. Next, the Bucs claim that the "Case No. 22-55990 involves two significant issues that are not present in the companion cases: (1) The standing of these Appellants (who, as noted, were

6

counsel for certain defendants below, who are also Appellants in this Court) to bring the appeal and (2) the potential revival of a counterclaim that other Appellees in these cases have no interest in resisting." Dkt. 52 at 4. In the Related Appeal, the Bucs offered a facially frivolous argument that individuals who are personally sanctioned under Rule 11 lack standing to appeal due to settlement issues. That argument will be addressed in the Reply and Appellants' incorporation of that rebuttal (which applies equally) does not change anything. As for the second point, it is unclear why the Bucs' counsel continues to insist that the "revival" of the counterclaim is at issue when it is not. Appellants have already advised this Court that what the Bucs claim is not being sought. Dkt. 17 in Related Appeal ("Appellants do **not** seek to reinstate the Counterclaim, nor do Appellants seek any other relief that would affect the Bucs.").

Finally, the Bucs' citation to *U.S. v. Dorival*, 378 F. App'x 248, 251 (3d Cir. 2010) is unavailing. Cases like *Dorival* (which is an unpublished decision that has been cited once), and the authority it relied upon, involve mass adopting of issues that may or may not apply. In *Dorival*, the criminal defendant tried "to adopt the issues raised by his six co-appellants" and did not "specify the particular

7

issue or issues-out of more than twenty claims of error asserted by his co-appellants-that is worthy of adoption." *Id.* at 251. That is not the issue here. Appellants and Attorney Appellants were named in and subject to the same findings in the sanctions order. As such, the issues and arguments apply to them equally and jointly. Hence the instant motion to join.

### III. CONCLUSION

For the foregoing reasons, this Court should grant Appellants leave to join in/adopt by reference the arguments made by Attorney Appellants in the Related Appeal.

Dated: August 21, 2023  **CALLAHAN & BLAINE, APLC**

By: /s/ James M. Sabovich
David J. Darnell
James M. Sabovich
Attorneys for Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                                     /s/ James M. Sabovich
                                                   James M. Sabovich